**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN J. O'BRIEN,<br>817 S. Third Street<br>Philadelphia, PA 19147,<br><br>*Plaintiff,*<br><br>v.<br><br>CHIME FINANCIAL, INC.,<br>101 California Street, Suite 500<br>San Francisco, CA 94111,<br><br>and<br><br>THE BANCORP BANK, N.A.,<br>409 Silverside Road, Suite 105<br>Wilmington, DE 19809,<br><br>*Defendants.* | : | **CIVIL ACTION NO. _______**<br><br>**JURY TRIAL DEMANDED** |

**VERIFIED COMPLAINT**

Plaintiff John J. O'Brien, appearing *pro se*, brings this action against Chime Financial, Inc. and The Bancorp Bank, N.A. for violations of the Electronic Fund Transfer Act, 15 U.S.C. §§ 1693 *et seq.*, and Regulation E, 12 C.F.R. Part 1005, and alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff was continuously incarcerated in Pennsylvania detention facilities from November 29, 2025 through May 29, 2026. During that entire period his Chime debit card remained locked in his law office and was never in his possession.

2. While Plaintiff was in custody and unable to initiate transfers of any kind from his Chime account, $2,262.82 in unauthorized electronic fund transfers were charged against his Chime Checking Account. The charges include dozens of Uber and Uber Eats transactions, a $200.00 person-to-person transfer to a stranger, and $609.93 in charges to an online gambling platform made in a single day.

3. Plaintiff never voluntarily engaged in transactions in any online gambling or sports-betting platforms through any chime electronic account.

4. Plaintiff reported the unauthorized electronic fund transfers immediately upon his release, no later than June 17, 2026. Defendants denied his claim within approximately two days. He sought reconsideration on July 10, 2026, and submitted official certifications of incarceration from both correctional institutions where he was detained. He also refined the list of transfers which were identified as unauthorized.

5. Defendants denied the claim a second time, on July 14, 2026, in a form email that recited a claim amount of $3,634.61 — a figure significantly higher than the $2,262.82 Plaintiff had submitted.

6. Defendants never provisionally credited Plaintiff's account. They never delivered a written explanation of their findings. They never produced a single document relied upon in reaching their “no error” determination, and never advised Plaintiff of his right to request those documents. To this day, more than three months after the second denial, Plaintiff has received neither his money nor an explanation.

7. On August 28, 2026, Defendant The Bancorp Bank, N.A. (“Bancorp”) informed Plaintiff in writing that it was sending additional documentation to Chime because it appeared Chime “did not have the document certifying the incarceration dates from November 19,

2025 to December 16, 2025," and that Bancorp wanted Chime to "complete a fresh review of the dispute with this evidence included." Defendants had therefore concluded that no error occurred without the institutional records establishing that Plaintiff was physically in custody when the transfers were made.

8. This action seeks the recredit of Plaintiff's funds, actual damages, statutory damages, treble damages, and costs under the Electronic Fund Transfer Act and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 *et seq*.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically the Electronic Fund Transfer Act, 15 U.S.C. §§ 1693 *et seq*. Jurisdiction is also conferred by 15 U.S.C. § 1693m(g), which provides that actions under the Act may be brought in any United States district court without regard to the amount in controversy.

10. This Court has supplemental jurisdiction over any state-law claim under 28 U.S.C. § 1367.

11. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred here. Plaintiff resides and maintains his office in Philadelphia County. The account at issue was opened and maintained from this District, the account statements were addressed to Plaintiff in Philadelphia, and Plaintiff was confined in facilities in Delaware County and Philadelphia County during the period of the unauthorized transfers.

12. Venue is also proper under 28 U.S.C. § 1391(b)(1) because both Defendants are subject to personal jurisdiction in this District, each regularly transacting business with consumers residing here.

13. Plaintiff has satisfied all conditions precedent to the commencement of this action. On July 17, 2026, Plaintiff sent detailed written notice of this dispute by certified mail, return receipt requested, to the legal departments of both Defendants, describing the dispute and the supporting facts and enclosing Chime's denial email, the transaction-by-transaction schedule, and the official incarceration certifications from both correctional institutions.

14. More than sixty days have elapsed since that notice. On September 13, 2026, Plaintiff sent a further written notice to both Defendants by electronic mail, including to the address designated in Chime's User Agreement for such notices. Any applicable informal dispute-resolution period has run.

**PARTIES**

15. Plaintiff John J. O'Brien is an adult individual residing in Philadelphia County, Pennsylvania. He is a "consumer" within the meaning of 15 U.S.C. § 1693a(6).

16. Defendant The Bancorp Bank, N.A. ("Bancorp") is a national banking association with offices at 409 Silverside Road, Suite 105, Wilmington, Delaware. Bancorp is the issuer of Plaintiff's Chime Checking Account and holds the funds in that account. Bancorp is a "financial institution" within the meaning of 15 U.S.C. § 1693a(9).

17. Defendant Chime Financial, Inc. ("Chime") is a Delaware corporation with its principal place of business at 101 California Street, Suite 500, San Francisco, California. Chime is the program partner responsible for managing the Chime Account, and it received, investigated, and denied Plaintiff's notices of error. Chime issued the access device and

agreed with Plaintiff to provide electronic fund transfer services, and it is therefore a "financial institution" within the meaning of 15 U.S.C. § 1693a(9). In the alternative, Chime is a "person" liable under 15 U.S.C. § 1693m(a) for its failures to comply with the Act.

18. The account at issue is a demand deposit account established primarily for personal, family, or household purposes, and is an "account" within the meaning of 15 U.S.C. § 1693a(2) and 12 C.F.R. § 1005.2(b).

## FACTUAL ALLEGATIONS

### A. Plaintiff's Incarceration

19. Plaintiff was committed to the Delaware County Prison (George W. Hill Correctional Facility) on November 29, 2025 and discharged on December 16, 2025, under inmate number 25005537. The Delaware County Prison has certified these dates in writing.

20. Plaintiff was admitted to the Philadelphia Department of Prisons on December 16, 2025 at 09:21 and released on May 29, 2026 at 05:44, under PDP ID 1210618. The Philadelphia Department of Prisons has certified these dates in writing.

21. Plaintiff was therefore continuously in custody from November 29, 2025 through May 29, 2026. All charges against Plaintiff were dismissed. Plaintiff was also extradited to the State of New Jersey, Atlantic County, on May 29, 2026, and remained incarcerated there until released on June 5, 2026. During the entire period of custody, from November 19, 2025 to June 5, 2026, Plaintiff had no access to a telephone application, business telephone calls, a payment card, or any means of initiating the transfers described below.

22. A replacement Chime card was issued to Plaintiff in late November 2025 and delivered to his law office at 1420 Locust Street, Suite 420, Philadelphia. At Plaintiff's request to his

office, the envelope containing the replacement card remained locked in that office throughout his confinement. No person had access or authority to use it, and Plaintiff granted no person access to his account or its credentials.

**B. The Unauthorized Transfers**

23. Between November 30, 2025 and June 5, 2026, unauthorized electronic fund transfers totaling $2,262.82 were charged against Plaintiff's Chime Checking Account ending in 1543.

24. Each such transfer is itemized by date, merchant description, and amount in the Schedule of Transactions attached as Exhibit A, and each is identified on the annotated account statements attached as Exhibit B.

25. The unauthorized transfers include, among others: dozens of charges to Uber and Uber Eats between December 1 and December 21, 2025; a transfer of $200.00 to “MetapayWilliam Deitz” on December 16, 2025, to a person unknown to Plaintiff; seven charges to the online gambling merchant “McLuck” on December 16, 2025 totaling $609.93, including a single charge of $299.99; recurring monthly charges to FridayPlans.com, Apple.com/Bill, and Gobrands Inc.; a charge of $96.00 for an “UberOne Membership” on May 31, 2026; and a charge of $95.49 to “FisVerizon” on June 5, 2026.

26. Plaintiff did not make, authorize, benefit from, or have any knowledge of any of these transfers. Each was an “unauthorized electronic fund transfer” within the meaning of 15 U.S.C. § 1693a(12), and each constituted an “error” within the meaning of 15 U.S.C. § 1693f(f)(1) and 12 C.F.R. § 1005.11(a)(1).

**C. Plaintiff's Notice of Error and the First Denial**

27. Promptly after his release, in June 2026, Plaintiff notified Defendants of the unauthorized transfers. His notice identified the account, stated his belief that an error had occurred, and set forth the reasons for that belief — namely, that he had been incarcerated throughout the period and his card had been locked in his office.

28. That notice satisfied every requirement of 15 U.S.C. § 1693f(a) and 12 C.F.R. § 1005.11(b).

29. Defendants denied the claim within approximately two days. The stated conclusion was that there was no error. Defendants gave no explanation of any investigation, produced no documents, and issued no credit.

D. The Reconsideration and the Second Denial

30. On July 10, 2026, Plaintiff sought reconsideration and submitted substantial additional evidence, including a transaction-by-transaction schedule identifying every disputed charge by date, merchant, and amount, and official documentation from both correctional institutions establishing his incarceration throughout the relevant period.

31. On July 14, 2026, Chime sent Plaintiff a form email stating: “We've completed our investigation and determined that no error occurred with the transaction(s) you disputed.” The email is attached as Exhibit C.

32. The email identified the account as ending in 1543, recited a “Date Error Reported” of 2026-07-10, and recited a “Claim Amount” of $3,634.61.

33. Plaintiff never submitted a claim for $3,634.61. The amount he submitted, itemized in Exhibit A, was $2,262.82. In his first telephone conversation with a Chime representative, Plaintiff may initially have estimated the unauthorized charges as in

excess of $3,000.00, as he had not yet carefully audited the bank statements. Chime's continued use of the higher figure is unexplained and, on information and belief, demonstrates that Defendants did not review the written schedule of transactions Plaintiff submitted.

34. The July 14, 2026 email from Chime contained no explanation of the investigation, no statement of what evidence was considered or relied upon, no response to the incarceration certifications, and no notice of Plaintiff's right to request reproductions of the documents relied upon.

35. No provisional credit was issued. No permanent credit was issued. No documents were produced then or at any time since.

**E. The July 17, 2026 Demands and Bancorp's Admissions**

36. On July 17, 2026, Plaintiff sent detailed written demands by certified mail, return receipt requested, to the legal departments of both Defendants, invoking the Electronic Fund Transfer Act and Regulation E and demanding reconsideration, a complete explanation of the investigation, and production of the evidence relied upon. The demand letters are attached as Exhibits D and E.

37. On July 21, 2026, by email, Bancorp's Complaints Research Team acknowledged the demand, stated that it was "gathering documentation from Chime to complete a full review of their investigation," and asked Plaintiff to allow up to ten business days for a response. That period expired on August 4, 2026.

38. On August 3, 2026, Bancorp wrote that "[a]fter completing our review, it appears transactions were included in the dispute that should not have been," stated that it was "requesting Chime to reopen the dispute," and asked Plaintiff to provide account

statements with all disputed transactions circled. Plaintiff provided the annotated statements the same day.

39. On August 27, 2026, having received no update, Plaintiff wrote to Bancorp seeking a status.

40. On August 28, 2026, Bancorp responded, apologizing "for the delayed outcome," and stated that it was "providing additional documentation to Chime to include in the investigation" because “it appears they did not have the document certifying the incarceration dates from November 19, 2025 to December 16, 2025.” Bancorp stated that it wanted Chime to “complete a fresh review of the dispute with this evidence included.”

41. This admission establishes that Defendants twice determined that no error had occurred without possessing or considering the institutional certifications establishing that Plaintiff was in the custody of the Delaware County Prison and Philadelphia Department of Prisons when a substantial portion of the disputed transfers were made.

42. On September 6, 2026, Plaintiff wrote to Bancorp noting that the ten-business-day period it had invoked expired on August 4, 2026; that more than a month had passed with “no answers and no credit”; that Regulation E requires a financial institution to investigate and resolve an error or issue a provisional credit within ten business days of a notice of error; and that the burden of proving authorization rests with the financial institution. Plaintiff asked when he would receive the provisional credit.

43. Bancorp did not substantively respond. The correspondence described in paragraphs 36 through 42 is attached as Exhibit F.

44. No result of the “fresh review” has ever been communicated to Plaintiff. No credit has been issued. No explanation has been delivered. No documents have been produced.

**F. The Subsequent Denial of an Identical-Merchant Claim**

45. On September 5, 2026, Plaintiff reported thirteen additional unauthorized transfers charged between September 3 and September 5, 2026, all to the merchant "PnmMc Lck Us," an online gambling platform, totaling $514.86. Charges to this same gambling merchant were among the transfers reported in the earlier claim described above.

46. Plaintiff's dispute of every one of those thirteen transfers was denied. Plaintiff received no written notice of the denial, no explanation, and no documentation. He learned of it only by opening the Chime mobile application, which displayed each transfer as "Denied." The application screen from September 9, 2026, is attached as Exhibit G.

47. Plaintiff does not presently assert a claim for relief on the September 2026 transfers in this Complaint. These facts are pleaded because they bear on Defendants' state of mind, the adequacy of their investigative practices, and the absence of any reasonable basis for their determinations: Defendants had been informed in July 2026 that charges to this precise merchant on this precise account were unauthorized, and two months later denied an identical claim in the same summary fashion.

**G. Defendants' Own Stated Procedures**

48. Defendants' Deposit Account Agreement states that Defendants "will determine whether an error occurred within ten (10) business days after we hear from you and will correct any error promptly"; that if more time is needed they "may take up to forty-five (45) days to investigate"; that for point-of-sale and foreign-initiated transactions they "may take up to ninety (90) days"; that they "will tell you the results within three (3) business days after completing the investigation"; that "[i]f we determine that there was no error, we

will send you a written explanation"; and that copies of the documentation used in the investigation may be obtained on request.

49. Defendants complied with none of these provisions. Plaintiff pleads these facts to establish Defendants' knowledge of their obligations and the absence of any good-faith basis for their conduct, and not as a claim for breach of contract.

**H. Damages**

50. Defendants have withheld $2,262.82 of Plaintiff's funds since at least July 10, 2026.

51. Plaintiff has sustained actual damages consisting of the loss of use of those funds and out-of-pocket costs incurred in pursuing his claim, itemized as follows:

    a. Loss of use of $2,262.82 from July 10, 2026, computed at the 1-year United States Treasury rate of 4.35% per annum on an actual-days/365 basis, equal to $0.269679 per day, or $17.53 through September 13, 2026, and continuing to accrue; and

    b. Postage, certified mail, copying, and records-procurement costs of $42.92.

52. Plaintiff's total itemized actual damages through September 13, 2026 are $60.45, continuing to accrue. Plaintiff's current monthly income is approximately $1,640.00, consisting of Social Security benefits. The withholding of $2,262.82 represents more than a month of his total income.

53. Defendants have never notified Plaintiff of their failures to comply with the Act, never complied with its requirements, never made an appropriate adjustment to Plaintiff's account, and never paid his actual damages. Plaintiff's follow-up request, dated September 24, 2026, for reproductions of relevant documents from Defendants is attached as Exhibit H.

## CLAIMS FOR RELIEF

### COUNT I

Failure to Investigate and to Report the Results of the Investigation
15 U.S.C. § 1693f(a); 12 C.F.R. § 1005.11(c)
(Against both Defendants)

54. Plaintiff incorporates paragraphs 1 through 53.

55. Plaintiff gave Defendants timely notice of error identifying the account, stating his belief that an error had occurred, and setting forth the reasons for that belief.

56. Upon receipt of that notice, Defendants were required to investigate the alleged error, determine whether an error had occurred, and report or mail the results of such investigation and determination to Plaintiff within ten business days.

57. Defendants failed to conduct any adequate investigation and failed to report the results of any investigation to Plaintiff. Plaintiff received a bare conclusion, not the results of an investigation.

58. Defendants' conduct violated 15 U.S.C. § 1693f(a) and 12 C.F.R. § 1005.11(c). Plaintiff is entitled to actual damages, statutory damages, and costs under 15 U.S.C. § 1693m(a).

### COUNT II

Failure to Deliver a Written Explanation of Findings, to Advise of
the Right to Reproductions, and to Produce the Documents Relied Upon
15 U.S.C. § 1693f(d); 12 C.F.R. § 1005.11(d)
(Against both Defendants)

59. Plaintiff incorporates paragraphs 1 through 53.

60. Having determined that no error occurred, Defendants were required to deliver or mail to Plaintiff an explanation of their findings within three business days after the conclusion of their investigation, to include notice of his right to request reproductions of all

documents relied upon, and, upon request, promptly to deliver or mail those reproductions.

61. Defendants delivered no explanation of findings. Their July 14, 2026 email stated a conclusion and nothing more. Defendants gave no notice of Plaintiff’s right to request reproductions. Plaintiff requested the documents relied upon in his July 17, 2026 demands and thereafter, and Defendants have produced nothing in response.

62. Defendants' conduct violated 15 U.S.C. § 1693f(d) and 12 C.F.R. § 1005.11(d). Plaintiff is entitled to actual damages, statutory damages, and costs under 15 U.S.C. § 1693m(a), which are available for violations of this provision irrespective of proof of actual injury.

## COUNT III

Failure to Provisionally Recredit the Account
15 U.S.C. § 1693f(c); 12 C.F.R. § 1005.11(c)(2)
(Against both Defendants)

63. Plaintiff incorporates paragraphs 1 through 53.

64. Defendants did not complete their investigation and correct the error within ten business days of Plaintiff's notice.

65. Defendants were therefore permitted to take additional time to investigate only if they provisionally recredited Plaintiff's account for the amount alleged to be in error within ten business days of receiving his notice, and notified him of the credit and his right to use the funds.

66. Defendants never provisionally recredited Plaintiff's account in any amount, yet took months to purportedly investigate, and continue to withhold the funds.

67. Defendants' conduct violated 15 U.S.C. § 1693f(c) and 12 C.F.R. § 1005.11(c)(2). Plaintiff is entitled to actual damages, statutory damages, and costs under 15 U.S.C. § 1693m(a).

**COUNT IV**

Bad-Faith Investigation; Treble Damages
15 U.S.C. § 1693f(e)
(Against both Defendants)

68. Plaintiff incorporates paragraphs 1 through 53.

69. Defendants failed to provisionally recredit Plaintiff's account and, in the same course of conduct, failed to make a good faith investigation of the alleged error.Defendants had no reasonable basis for believing that Plaintiff's account was not in error. Plaintiff had furnished official certifications from two correctional institutions establishing that he was in custody throughout the period of the transfers, and Defendants possessed his itemized schedule of the disputed charges.

70. Defendants knowingly and willfully concluded that Plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to them at the time of their investigation. In support, Plaintiff alleges:

  a. Defendants denied his original notice of error within approximately two days of receiving it;

  b. Defendants' second denial recited a claim amount of $3,634.61, which does not correspond to the $2,262.82 Plaintiff submitted in writing and, on information and belief, shows that the schedule he submitted was never reviewed;

  c. Bancorp admitted in writing on August 28, 2026 that Chime "did not have the document certifying the incarceration dates from November 19, 2025 to December 16, 2025" and asked Chime to "complete a fresh review of the dispute with this evidence included," establishing that the determination was made without the central exculpatory evidence;

d. Defendants have never produced a single document capable of showing that any disputed transfer was authorized, and bear the burden of proving authorization; and

e. Two months after being informed that charges to an online gambling merchant on Plaintiff's account were unauthorized, Defendants summarily denied an identical claim involving the same merchant without explanation or documentation.

71. Defendants' conduct violated 15 U.S.C. § 1693f(e). Plaintiff is entitled to treble damages, together with actual damages, statutory damages, and costs.

**COUNT V**

Improper Imposition of Liability for Unauthorized Electronic Fund Transfers
15 U.S.C. §§ 1693g, 1693h; 12 C.F.R. § 1005.6
(Against both Defendants)

72. Plaintiff incorporates paragraphs 1 through 53.

73. Each of the transfers itemized in Exhibit A was an unauthorized electronic fund transfer. Plaintiff did not furnish the access device or the account credentials to any person, and no person had actual or apparent authority to use them.

74. Plaintiff's liability for unauthorized transfers is limited by 15 U.S.C. § 1693g(a) and 12 C.F.R. § 1005.6. By refusing to recredit his account, Defendants have imposed upon Plaintiff the entire loss from transfers he did not authorize, in excess of any liability permitted by law.

75. In any action involving a consumer's liability for an unauthorized electronic fund transfer, the burden of proof is upon the financial institution to show that the transfer was authorized or, if unauthorized, that the statutory conditions of consumer liability have been met. 15 U.S.C. § 1693g(b).

76. Defendants cannot carry that burden. Plaintiff is entitled to recovery of the full amount of the unauthorized transfers, together with actual damages, statutory damages, and costs.

**COUNT VI**

Unfair Trade Practices and Consumer Protection Law
73 P.S. §§ 201-1 et seq.
(Against both Defendants)

77. Plaintiff incorporates paragraphs 1 through 51.

78. Defendants engaged in unfair and deceptive acts and practices in the conduct of trade or commerce in Pennsylvania, including representing that they had "completed our investigation" when no adequate investigation had been performed; representing a claim amount materially different from the claim Plaintiff submitted; promising in their account documentation to determine whether an error occurred within ten business days, to correct any error promptly, to deliver a written explanation of findings, and to provide copies of documentation on request, while systematically doing none of those things; and representing to Plaintiff that a "fresh review" would be completed while allowing the matter to lapse without result.

79. Plaintiff justifiably relied upon Defendants' representations concerning their error-resolution practices in entrusting his funds to the account and in pursuing his claim through Defendants' internal processes rather than immediately seeking legal relief, and he sustained ascertainable loss as a result, consisting of the withheld funds, the loss of their use, and his out-of-pocket costs.

80. Plaintiff is entitled to actual damages, treble damages, and costs as the Court may award.

**RESERVATION OF RIGHTS**

81. Plaintiff brings this action solely on his own behalf, individually. He asserts no claim on behalf of any class, and seeks no relief on behalf of any other person.

82. Plaintiff pleads no claim for breach of contract and relies on no account agreement as a source of any duty asserted in this Complaint. Each duty alleged arises from the Electronic Fund Transfer Act and Regulation E, and from Pennsylvania statutory law.

83. Plaintiff does not consent to the resolution of any claim in this Complaint in any forum other than this Court, and reserves all rights, objections, and defenses with respect to any assertion that any claim pleaded here is subject to arbitration or to any forum-selection provision. Nothing in this Complaint constitutes a waiver of any such right or objection.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in his favor and against Defendants on Counts I through VI;

B. Award actual damages, including the $2,262.82 in unauthorized electronic fund transfers and itemized actual damages of $60.45 through September 13, 2026, continuing to accrue;

C. Award statutory damages against each Defendant for each violation, as provided by 15 U.S.C. § 1693m(a)(2)(A);

D. Award treble damages as provided by 15 U.S.C. § 1693f(e);

E. Award treble damages and such other relief as is available under 73 P.S. §§ 201-1 et seq.;

F. Order Defendants to credit Plaintiff's account in the full amount of the unauthorized transfers, with interest;

G. Order Defendants to deliver a written explanation of their findings and to produce all documents relied upon in determining that no error occurred, together with all transaction-level authorization records, device, session, and login records, and card issuance and activation records for the account;

H. Award Plaintiff his costs of suit as provided by 15 U.S.C. § 1693m(a)(3);

I. Award prejudgment and post-judgment interest; and

J. Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

John J. O'Brien, *pro se*
817 S. Third Street
Philadelphia, PA 19147
267-924-1862
jjobrienlaw@gmail.com

Dated: September 28, 2026

**VERIFICATION**

I, John J. O'Brien, Plaintiff in the above-captioned action, verify under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have read the foregoing Verified Complaint; that the factual statements contained in it are true and correct to the best of my personal knowledge, information, and belief; and that as to those matters stated to be on information and belief, I believe them to be true.

Executed on September 28, 2026, at Philadelphia, Pennsylvania.

John J. O'Brien

## INDEX OF EXHIBITS

A. Schedule of Transactions

B. Annotated account statements

C. Chime email of July 14, 2026

D. Demand letter July 17, 2026 to Chime

E. Demand letter July 17, 2026 to Bancorp

F. Correspondence with Chime Bancorp from July 17, 2026 to September 6, 2026

G. Chime's denial of second dispute - screenshot

H. Plaintiff's Follow-on Request for Reproduction of Documents, dated September 24, 2026

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: **Philadelphia, Pennsylvania**

***RELATED CASE IF ANY:*** Case Number:__________ Judge:__________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☒ 16. All Other Federal Question Cases. *(Please specify)*: Electronic Funds Transfer Act

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does /** ☒ **does not** have implications beyond the parties before the court and ☐ **does /** ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[X] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[ ] None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JOHN J. O'BRIEN

**(b)** County of Residence of First Listed Plaintiff PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

n/a

## DEFENDANTS

CHIME FINANCIAL, INC. and THE BANCORP BANK, N.A.

County of Residence of First Listed Defendant San Francisco County, C
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

n/a

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [x] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
Electronic Funds Transfer Act, 15 U.S.C. Sec. 1693 et seq.

Brief description of cause:
Violations of Plaintiff's rights and entitlements under teh Electronic Funds Transfer Act

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: September 29, 2026

SIGNATURE OF ATTORNEY OF RECORD: John O'Brien, pro se

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.